# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-858V

|  |  |
|---|---|
| ANNA MILLER and MATTHEW MILLER on behalf of A.M., a minor child,<br><br>              Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: February 19, 2025 |

*Danielle Strait, Maglio Christopher & Toale, PA, Seattle, WA,* for Petitioners.

*Lara Ann Englund, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 3, 2021, Anna and Matthew Miller, on behalf of A.M., a minor child, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On September 22, 2021, I issued a decision granting entitlement (ECF No. 18), and damages based on a proffer on April 14, 2022. ECF No. 33. The proffer included the establishment of an estate and appointment of a guardian or conservators before payment for A.M.'s compensation. *Id.* at 2.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 9, 2022, Petitioners filed a motion for attorneys' fees and costs, requesting a total award of $47,395.90, comprised of (1) $34,294.90 for fees and costs incurred by Maglio Christopher & Toale Law; (2) $2,241.00 for fees and costs incurred by Schnauss Naugle Law, P.L., for the establishment of a guardianship for A.M.'s vaccine injury award; and (3) $10,860.00 for anticipated fees and costs for maintaining A.M.'s guardianship going forward. Motion for Payment of Petitioners' Attorneys' Fees and Reimbursement of Case Costs Pursuant to 42 U.S.C. 300aa-15 ("Mot."), ECF No. 40.[3]

A decision was issued on April 24, 2023, granting the fees and costs associated with Petitioners' counsel that were incurred during litigation, and the costs to reimburse Petitioners for court costs related to A.M's guardianship. Thereafter, however, Petitioners filed a timely motion requesting that I reconsider my decision and award anticipated fees and costs associated with the maintenance of Petitioners' guardianship. Petitioners' Motion for Reconsideration of the Curt's Decision on Attorney's Fees and Costs, ECF No. 44, at 5. That motion was granted, and I withdrew my first fees decision on May 15, 2023. ECF No. 45.[4]

For the reasons set forth below, I hereby GRANT Petitioners' motion, awarding fees and costs in the total amount of $47,395.90.

**ANALYSIS**

Having prevailed in this matter, the Petitioners are entitled to an award of fees and costs. Determining the appropriate amount of the fees award is a two-part process. Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

---

[3] Respondent reacted to the motion on November 15, 2022, deferring to me to determine whether the statutory requirement for an award of attorneys' fees and costs were met in this case. ECF No. 41 at 2.

[4] Respondent filed a response on May 30, 2023, deferring to me regarding whether the expenses sought were non-speculative and necessary for the receipt of A.M.'s award. ECF No. 46.

## ATTORNEYS' FEES

Petitioners request a total of $34,294.90 for attorney's fees and costs incurred by Maglio Christopher & Toale Law comprised of $33,075.30 for attorneys' fees and $1,219.60 in costs. Mot. at 1. I have reviewed both the hours billed and the requested hourly rates for Attorney Danielle A. Strait and the attorneys of her firm. I find the number of hours billed reasonable and the hourly rates consistent with what the Maglio Christopher & Toale firm attorneys and paralegals have previously been awarded for their work in the Vaccine Program. Accordingly, I find the fees request of $33,075.30 reasonable and shall be awarded in full. Petitioners request $1,219.60 in overall litigation costs. Mot. at 1. This amount is comprised of obtaining medical records, shipping costs, and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable and shall award it in full.

## GUARDIANSHIP COSTS

Petitioners also request $2,241.00, representing fees incurred for establishing a guardianship by Attorney Katherine Schnauss of Naugle of Schnauss Naugle Law, P.L., in the state of Florida for A.M.'s vaccine injury award. Mot. at 2-3. Such fees are compensable under the Vaccine Act – assuming they are established to be reasonable. Section 15(e)(1)(A)-(B); *Perreira v. Sec'y of Health & Human Servs.*, No. 90-847V, 27 Fed. Cl. 29 at 34 (1992). To set up the guardianship, Ms. Schnauss expended 7.50 hours at a rate of $300.00 per hour. *Id.* at 2. After a review of the billing invoices, I find both the hours expended and hourly rate reasonable given Ms. Schnauss's twenty-one years of experience. Accordingly, the full amount of fees incurred to establish A.M.'s guardianship is awarded herein.

In addition, Petitioners seek an award of $10,860.00 for future costs associated with the maintenance of the guardianship for 16 years, or until 2038, the year A.M. reaches the age of majority. Mot. at 3, ECF No. 40-4. To reach this figure, Ms. Schnauss assumed $500.00 per year in attorney fees (totally $8,000.00), $1,500.00 to close the guardianship, and $85,00 for filing yearly accounting costs (totaling $1,360). ECF No. 40-4.

Establishing a guardianship has been determined to be a legitimate cost associated with some Vaccine Act claims. *Barrett v. Sec'y of Health & Hum. Servs.*, No. 09-389V, 2014 WL 2505689 (Fed. Cl. Spec. Mstr. May 13, 2014). Further, when state law imposes guardianship maintenance expenses, petitioners should receive compensation for those expenses. *McCulloch v. Sec'y of health & Hum. Servs.*, 923 F.3d 998, 1003–04

3

(Fed. Cir. 2019). Thus, such maintenance costs are permitted despite their somewhat inchoate character (as they have not literally yet been "incurred").

Nevertheless, it is true that in many states there are costs associated with obtaining annual releases of funds for an injured party. Under Florida law, such maintenance costs include annual filings of accounting and reports. *See* Ex. 14 (describing costs associated with establishing and maintaining a guardianship under Florida law); *see also* Fla. Stat. 744.367 (requiring annual guardianship report); Fla. Stat. 744.3678 (requiring the filing of an annual accounting by guardian). Guardians are required to utilize an attorney for these purposes. Fla. Prob. R. 5.030, Mot. at 3 n.1.

Because Petitioners will more likely than not incur maintenance expenses under Florida law due to A.M.'s vaccine-related injury compensation award, she is entitled to some sum for this category of cost, and the requested amount is reasonable. Accordingly, all requested costs shall be awarded in full.

## CONCLUSION

Accordingly, I hereby GRANT Petitioners' Motion for attorney's fees and costs. I award a total of **$47,395.90**[5] as follows:

- A lump sum of **$34,294.90**, representing reimbursement for fees and costs, in the form of a check jointly payable to Petitioners and Petitioner's counsel, Maglio Christopher & Toale, Law; and

- A lump sum of **$2,241.00**, representing attorney's fees and costs incurred by Schnauss Naugle Law, P.L., for the establishment of A.M.'s guardianship, in the form of a check jointly payable to Petitioners and Schnauss Naugle Law, P.L., and

- A lump sum of **$10,860.00**, representing reimbursement for court costs and legal fees related to A.M.'s guardianship, in the form of a check jointly payable to Petitioners, as guardians of the property of A.M.

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally *Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

**Per Petitioners' request as stated in its motion filed August 1, 2024, all checks are to be forwarded to Maglio, Christopher & Toale Law, 1515 Ringling Blvd., Suite 700, Sarasota, FL, 34236. Motion to Amend the Prayer for Relief in Regard to Mailing Address in Petitioners' Moton for Attorney Fees and Costs, ECF No. 48.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.